VINES v. ARK. POWER & LIGHT CO.

5-2135                                    337 S. W. 2d 722

Opinion delivered May 9, 1960.

[Rehearing denied September 19, 1960]

*Melvin T. Chambers, Stein & Stein,* for appellant.

*House, Holmes, Butler & Jewell; McKay, Anderson & Crumpler,* for appellee.

J. SEABORN HOLT, Associate Justice. This is an action for the wrongful death of Leonard Vines who was appellant's husband.

On June 10, 1955, while Leonard Vines was employed by the Southwest Unit Structures, Inc., and while moving a beam with the aid of a "gin pole", the pole came in contact with a high voltage line built and maintained by appellee, and the electricity coming down the "gin pole" caused Leonard Vines' death. Alice Vines, widow of Leonard Vines, on March 28, 1957, brought suit under Ark. Stats., §§ 27-903—27-904, against appellee for her husband's alleged wrongful death. She prayed

judgment: "Individually, — against the defendant in the sum of $80,000.00 for the loss of love, affection, association and consortium; and also the sum of $116,563.04 for the loss of earnings; and as administratrix she prays for judgment against the defendant in the sum of $25,000.00 for pain and suffering that Leonard Vines endured prior to his death". As indicated, the death of Leonard Vines occurred June 10, 1955. The original, or first suit was filed on March 28, 1957. The case was reached for trial October 20, 1958, at which time appellant [Alice Vines] took a non-suit. Later, a second suit was filed by appellant on July 10, 1959. Appellee [defendant below] demurred to this last complaint on the grounds that since the present suit was instituted under the above sections of the statute and a non-suit was taken by appellant and another suit was filed more than two (2) years from the date the cause of action arose [June 10, 1955], this second suit was barred by the statute of limitations. The trial court sustained this demurrer and dismissed this complaint. This appeal followed.

For reversal appellant says: "(1) That if a new suit be filed within one year from the time of non-suit, then the cause of action is saved even though more than two years had passed since the cause of action arose. (2) That Alice Vines had a personal cause of action, and it was saved from the running of the Statute of Limitations."

The two provisions of the statute under which this suit was brought, commonly known as the "Lord Campbell Act", were enacted in 1883 and provide: "Wrongful death.—Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although

the death shall have been caused under such circumstances as amount in law to a felony.'' And ''27-904. Parties—Beneficiaries—Damages—Limitation of action.—Every such action shall be brought by, and in the name of, the personal representatives of such deceased person, and if there be no personal representatives, then the same may be brought by the heirs at law of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and, in every such action, the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person. Provided, every such action shall be commenced within two [2] years after the death of such person.'' Ark. Stats., § 27-908.

Prior to 1883, a cause of action for injuries resulting in death did not survive the deceased person or exist at common law, and our legislature enacted the above act obviously to give a cause of action to the widow and next of kin and the personal representative of a deceased person. It will be observed that this act, which creates a cause of action, also has a built-in statute of limitations [§ 27-904] of two years which was in effect when Vines was killed June 10, 1955.

Appellant contends that since suit was first filed on March 28, 1957, well within the two year period following Vines death on June 10, 1955, then non-suited on October 20, 1958, and within a year following the date of the non-suit the present suit was filed, that it was filed in time under our non-suit statute [Ark. Stats., § 37-222] which provides for one year within which to file a new action after non-suit. We do not agree. In *Smith v. Missouri Pacific Railroad Company*, 175 Ark. 626, 1 S. W. 2d 48, a case in which suit was instituted almost three years after the death of the intestate and based on the above sections [27-903—27-904], we said:

"The general rule is that, where a cause of action does not exist at common law, but is created by the statutes of a State, it only exists in the manner and form and for the length of time prescribed by the statutes of the State which created it. * * * Therefore we conclude that it is now well settled that, where a statutory right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right of action, and will control, no matter in what forum the action is brought."

But appellant says: "(2) * * * that Alice Vines joins in this suit individually for the loss of services and companionship of her husband. This is an individual action on her part, and she should not be deprived of it" and "* * * since her damages in the loss of services and companionship had to be brought in this suit she should not be barred even if the action by the administratrix is barred." Again we do not agree.

We think it was the intention of the legislature when it enacted Lord Campbell's Act creating a cause of action, that did not exist before or at common law, "for the exclusive benefit of the widow and next of kin of such deceased person, * * * and, in every such action, the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person," [Ark. Stats., § 27-904] to cover and include every right of recovery of pecuniary damages to which the widow would be entitled growing out of her husband's death, including consortium, loss of services and companionship, and to limit to one cause of action [thus avoiding a multiplicity of suits] which must be brought within a period of two years from the date of her husband's death. "The term 'cause of action' is generally understood as meaning the whole cause of action; that is, all the facts which together constitute plaintiff's right to maintain the action; every fact which

it is necessary to establish in order to support the right to judicial relief." 1 C. J. S. Actions § 8 (g) p. 986.

Finding no error, the judgment is affirmed.