Patricia Ann SUGG, Personal Representative
of the Estate of Charles Richard SUGG
*v.* CONTINENTAL OIL COMPANY

80-201                                    608 S.W. 2d 1

Supreme Court of Arkansas
Opinion delivered October 27, 1980
Rehearing denied December 8, 1980

*Jackson, Vowell & Brown*, for appellant.

*Friday, Eldredge & Clark*, by: *William H. Sutton*, for appellee.

FRANK HOLT, Justice. This appeal results from the court's granting appellee's motion for summary judgment.

Appellant's husband died May 15, 1973, from injuries he sustained on appellee's premises. On January 31, 1975,

appellant filed suit to recover damages under the wrongful death and survival statutes. See Ark. Stat. Ann. §§ 27-901 and 27-906 – 910 (Repl. 1979). On May 31, 1978, or after expiration of the three year period of limitation (actually five years after the cause of action arose), a nonsuit was granted under Ark. Stat. Ann. § 37-222 (Repl. 1962) at appellant's request with leave to refile the action within one year. The present action was refiled April 18, 1979, or within the year. The trial court granted appellee's motion for summary judgment finding that the subsequent filing, although within one year from the date of dismissal of the first complaint, was not within the three year statute of limitation (§ 27-907) for wrongful death actions, which statute of limitation is part of the wrongful death statutes.

Appellant acknowledges that the trial court's holding is in accordance with *Vines* v. *Arkansas Power & Light Company*, 232 Ark. 173, 337 S.W. 2d 722 (1960); and *Sandusky* v. *First Electric Coop.*, 266 Ark. 588, 587 S.W. 2d 37 (1979). In *Vines* we noted that no cause of action for injuries, as here, resulting in death existed in Arkansas prior to the legislature enacting the wrongful death statute. We held this act has its own statute of limitation (presently three years, § 27-907) and the general savings statute, § 37-222, is inapplicable.

Appellant argues, however, that our holding in *Vines* is in conflict with the law in other jurisdictions. While we recognize that other jurisdictions have reached the opposite result on this issue, it appears *Vines* is the view adopted in a majority of states deciding this question. See 2 Speiser, Recovery for Wrongful Death, § 11:22, p. 202 (2d 1975); Annot., 132 A.L.R., p. 325 (1941). The view in *Vines* was expressed long ago in Tiffany, Death by Wrongful Act, § 121 (1913). The author states:

> These special limitations differ in some respects from those created by the ordinary statutes of limitation. Inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy, but is of the right of action itself. The right is given subject to the limitation, and a subsequent change in the period of limitation will not

extend the period so as to affect an existing right of action.

See also 25A C.J.S. Death § 53B.

Appellant also argues that inasmuch as a voluntary nonsuit was granted without prejudice in *Vines* and here, the application of the three year statute of limitation is unjust and inequitable. The rule enunciated in *Vines* has been the law in Arkansas for many years, and the legislature has not seen fit to amend the pertinent statutes to provide that the general tolling provision (§ 37-222) would apply, as urged by appellant, to this type of action. That case is controlling here.

Appellant next asserts that the appellee should not have been allowed to amend its answer. Appellee's answer to appellant's refiled action was on May 9, 1979. The amended answer was filed December 6, 1979, some seven months later. Appellant recognizes the rules of procedure allow amendment to pleadings but argues it was not in the furtherance of justice to allow the amendment in this case because the appellee had not raised the statute of limitation at the time of the granting of the nonsuit nor at any other time prior to the amended answer. Thus, it was an abuse of discretion to allow the answer.

The new rules of civil procedure became effective July 1, 1979, between the time the answer was filed and the time the amended answer was filed. Under the prior rule, the trial court had broad discretion in permitting amendments to pleadings. *Steed* v. *Busby*, 268 Ark. 1, 593 S.W. 2d 34 (1980). Under the new rules, Ark. Stat. Ann., Vol. 3A, Rules of Civil Procedure, Rule 15 (Repl. 1979), "a party may amend his pleadings at any time without leave of the court." Upon a motion of the opposing party, however, the court may strike an amended pleading if it determines prejudice will result from the amendment. Thus, under either rule, the matter is addressed to the court's sound discretion. Further, it does not appear that a motion was made by appellant as is required by the new rule. The only case cited by appellant is *Jones* v. *York*, 256 Ark. 796, 510 S.W. 2d 574 (1974), in which the trial court refused to allow the defendant to amend his pleadings to

plead the statute of limitation because the motion to amend was made long after trial had started and a considerable portion of the evidence had been taken. That is not the case here, as the amendment was made prior to trial. There is no abuse of discretion demonstrated.

Appellant next asserts that the survival portion of the asserted cause of action is not barred by the wrongful death limitation provisions. The statute governing the survival action, § 27-901, provides that the action "may be brought . . . in the same manner and with like effect in all respects as actions founded on contracts." Thus, argues appellant, this statutes does not have a specific statute of limitation and does not come under the rule in *Vines*. However, as appellee points out, this argument was not raised in the trial court. We said in *Arkansas State Highway Commission* v. *Polk*, 250 Ark. 377, 465 S.W. 2d 671 (1971):

> We do not consider the argument now made since it is raised for the first time on appeal. Not having presented the issue now argued to us to the trial court, appellant is not now in a position to claim that the trial court committed error.

Affirmed.

PURTLE, STROUD and MAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I dissent from the majority opinion because in effect the majority holds Ark. Stat. Ann. § 37-22 (Repl. 1962) to be useless. The nonsuit statute clearly states that a person has one year after a nonsuit to bring the action again. Also, I feel the appellant was prejudiced by the action of the trial court in permitting her to take a nonsuit without prejudice of her right to refile again within one year. Clearly, appellant would not have taken a nonsuit had she not relied upon the nonsuit statute.

In my opinion, *Vines* v. *Arkansas Power & Light Company*, 232 Ark. 173, 337 S.W. 2d 722 (1960), and any other cases holding to the same effect, should be overruled. There is no way to harmonize the wrongful death or damage statutes of

limitations with the nonsuit statute unless we give the nonsuit statute its plain interpretation. Therefore, I would reverse and allow the appellant to refile the suit.

I am authorized to state that Stroud and Mays, JJ., join me in this dissent.