MILORD and BLANKS, Trustees *v.* ARKMO
LUMBER & SUPPLY CO.

80-295                                          615 S.W. 2d 349

Supreme Court of Arkansas
Opinion delivered May 11, 1981

*Wayne R. Foster*, for appellants.

*Homer Tanner*, for appellee.

STEELE HAYS, Justice. Appellee filed suit below to impress a materialman's lien for repairs to appellants' church. The court awarded judgment in rem against the building in the amount of $6,871. The only question raised on appeal is whether the statute allowing such liens against churches, Ark. Stat. Ann. § 51-631, was repealed by implication.

The facts of this case are not in dispute. Appellee furnished materials to the Big T Roofing and Gutter Co., Inc., for use in construction of a new roof for the church building. Big T did not furnish a bond to appellants as required by Ark. Stat. Ann. § 51-633 (Repl. 1971). Appellants paid Big T the contract price for the roof, but Big T filed in bankruptcy without paying appellee. This suit resulted.

Prior to 1911 our case law held churches and charitable institutions were exempt from materialmen's liens. See *Eureka Stone Company* v. *First Christian Church*, 86 Ark. 212, 110 S.W. 1042 (1908). In 1911 the legislature passed Act 446, Ark. Stat. Ann. §§ 51-627 to 631 (1947). Section 1 of this act provided for performance bonds to prevent the attachment of materialmen's liens generally; Sections 2 and 3 dealt with performance bonds in the case of public buildings; Section 4 provided for performance bonds for churches and charitable institutions to cover indebtedness incurred by the contractor for labor or material furnished in construction or improvement. The issue here concerns Section 5 of the act:

> Such bond shall be filed in the office of the clerk of the circuit court in the county in which the property is

situated, and any person to whom there is due any sum for labor or material furnished, or his assigns, may bring an action on said bond for the recovery of said indebtedness; provided, that no action shall be brought after six [6] months from the completion of said church, hospital, orphanage, or charitable institution, or benevolent institution; provided further, that if said bond is not filed, as above provided, that all persons performing labor or furnishing material, except the principal contractor shall have a lien upon said property for the unpaid amount of his claim.

Thus, the legislature created the right to impress a materialman's lien against a church. This section was codified as Ark. Stat. Ann. § 51-631 in the 1947 Statutes and continued essentially unchanged for forty years.

In 1953 the legislature passed Act 351 which made some changes in the existing materialmen's lien law as it related to performance bonds, such as the amount of the bond and the size of contract to which the bond requirement attaches. The repealing clause of the act, Section 8, listed Sections 1, 2 and 4 of the 1911 act as being repealed, as well as several other sections of other acts. It also provided that all other laws or parts of laws in conflict with the act were repealed thereby. Section 5, quoted above, was not in this list of sections repealed. The 1953 act, Ark. Stat. Ann. §§ 51-632 to 638 (Repl. 1971), has no provision for a lien to attach against a charitable institution if the bond requirement is not met. Appellant contends that Section 5 of the 1911 act was repealed by implication, and consequently no authority exists for a materialman's lien to attach to a church, prior case law having denied such liens. Appellants also point to the 1971 replacement volume in which the compiler omitted this Section 5, Ark. Stat. Ann. § 51-631, stating it appeared to be "obsolete" with the repeal of Section 4, which created the bond requirement. They also contend that the language of § 51-633 that "No contract . . . shall be entered into . . ." without such bond deprives the Court of jurisdiction to impose liens upon appellants' building under these statutes, "its jurisdiction being restricted to that of proceeding on the bond. . . ."

We do not agree. Repeals by implication are not favored in the law. As stated in *Forby* v. *Fulk, Judge*, 214 Ark. 175, 214 S.W. 2d 920 (1948):

> ... To produce this result, the two acts must be upon the same subject and there must be a plain repugnancy between their provisions; in which case the latter act, without the repealing clause, operates to the extent of repugnancy, as a repeal of the first. Or, if the two acts are not in express terms repugnant, then this latter (later) act must cover the whole subject of the first and embrace new provisions, plainly showing that it was intended as a substitute for the first. ...

We find neither test has been met here. The provision allowing a lien in the absence of the bond, in the earlier act, is not repugnant to the 1953 act which makes a bond requirement for entering into a contract. The earlier act also used mandatory language in reference to the bond. Nor does the later act "plainly show" it was intended as a substitute, covering the entire subject. The fact the repealing clause of the later act lists specific sections of the 1911 act, omitting others, rather than repealing the entire act is not compatible with an inference of intent to repeal. Furthermore, there is a presumption the legislature did not intend to overturn a long-standing legal principle unless the intent to do so is clearly expressed. 73 Am. Jur. 2d, *Statutes*, § 181 (1974). The right to a lien against a charitable institution had been in existence from the time of the 1911 act, and we cannot say there was a sufficiently clear expression of legislative intent to repeal this section.

Furthermore, it is significant that in 1963 the legislature enacted Act 66, dealing with mechanics' and materialmen's liens and making specific reference to Ark. Stat. Ann. § 51-631 a clear indication that the legislature regarded Section 5 as not repealed, or even "obsolete," but still in effect. See also *South Central District Pentecostal Church* v. *Bruce-Rogers*, 269 Ark. 130, 599 S.W. 2d 702 (1980), which involved such a lien.

Thus we hold the legislature has not impliedly repealed

the provision of Ark. Stat. Ann. § 51-631 permitting materialmen's liens against churches in the absence of a bond. This remedy is still available and we affirm the trial court in so holding.