Henry KETCHER et al *v.* MAYOR AND THE CITY
COUNCIL OF NORTH LITTLE ROCK, Arkansas et al

CA 81-38                                    621 S.W. 2d 12

Court of Appeals of Arkansas
Opinion delivered September 16, 1981

316

*Lanny K. Solloway, P.A.*, for appellants.

*S. Graham Catlett* of *Catlett & Stubblefield*, and *Hal Joseph Kemp*, for appellee General Properties, Inc.

*Hal Joseph Kemp* and *Charles E. Smith*, for appellee Lakewood Recreational Improvement District No. 4.

*Jim Hamilton*, for City of North Little Rock.

LAWSON CLONINGER, Judge. The Lakewood Addition in North Little Rock contains several lakes and other recreational facilities for the exclusive use of persons in the area. The lakes and other facilities are owned by appellee General Properties, Inc., and, for a nominal rental, leased to appellee Lakewood Property Owners Association, a nonprofit corporation formed in 1951. Appellee Lakewood Recreational Improvement District No. 4 was created to assess and collect annual installments for the maintenance of the lakes and recreational facilities within the boundaries of the Addition.

On October 26, 1978, appellee North Little Rock City Council granted a petition by certain property owners within the Addition and established Lakewood Recreational District No. 4.

Appellants Henry Ketcher, *et al*, property owners in the District, commenced this action for an injunction and declaratory judgment, alleging defects in the formation of the District. On the day of trial, May 7, 1980, appellants

sought to amend and amplify their original complaint to allege that some of the lands owned by appellee General Properties, Inc. had been dedicated to the public in 1935 and that appellants have been deprived of due process in that they were not given personal notice of the formation of the proposed district. The trial court ordered appellants' amended complaint stricken under Rule 15(a), Ark. Rules of Civil Procedure, and that ruling of the trial court has not been appealed.

Appellees and appellants filed motions for summary judgment and at the hearing, testimony was taken on all disputed points. The trial court granted appellees' motion for summary judgment and denied appellants' motion and all of its claims for relief.

On this appeal, appellants argue three points for reversal:

1. The method of assessment proposed in appellees' petition for creation of the District is unconstitutional.

2. The trial court was in error, in determining whether a majority of the property owners in the District had signed the petition for formation, in that it failed to exclude properties alleged to be owned by General Properties, Inc., but which had in fact been dedicated to public use in 1935.

3. Notice requirements relating to the creation of the District are violative of due process and equal protection.

The decision of the trial court is affirmed in part and reversed in part.

The trial court specifically found that the method of assessment proposed by the District is not violative of Article 16, § 5, or Article 19, § 27 of the Arkansas Constitution, but we do not find it necessary to determine the correctness of that ruling. The issue of the method of assessment proposed was not properly before the trial court and is not before this Court on appeal, for the reason that it is only a proposal never adopted by an authoritative body.

Ark. Stat. Ann. § 20-109 (Repl. 1968) provides that in the ordinance creating an improvement district the city council shall appoint three owners of real property therein as commissioners, who shall compose a board of improvement for the district. In the ordinance creating Lakewood Recreational Improvement District No. 4, the North Little Rock City Council properly appointed three commissioners, but the record in this case does not reflect that any action was taken thereafter by the commissioners.

Ark. Stat. Ann. § 20-401 (Repl. 1968) provides that as soon as the board of improvement shall form a plan, and shall have ascertained the cost of the improvement, it shall report its findings to the city council. The city council shall then appoint three electors of the city, who shall constitute a board of assessment of the benefits to be received by each parcel of land by reason of the proposed improvement.

When the Board of Improvement created by the North Little Rock City Council proceeds to ascertain the needs of the District and the City Council then appoints members of the Board of Assessment, the Board of Assessment can at that time ascertain and assess benefits to be received by each parcel within the district. The Board of Assessment may conceivably adopt the method of assessment proposed by the owners of the property who petitioned for the creation of the District, or the method proposed may be ignored.

The Board of Assessment may or may not consider the method proposed by the petitioning owners, but until the Board of Assessment ascertains the needs of the District and assesses benefits there can be no question of the correctness of the assessments or the method employed brought before the courts.

It is significant that appellants did not appeal that portion of the trial court which struck appellants' amended complaint. The trial court, however, did find that appellee General Properties, Inc. is the owner of the lands proposed to be conveyed to the District. The trial court further found that the petition to form the District expresses the consent of a majority in assessed value of the owners of real property

within the District. Appellants urge on this appeal that if the value of lands dedicated to the public in 1935 is excluded, the petition fails to have the consent of a majority in assessed value of the owners.

Although the trial court struck the amended complaint of appellants, the Court would have been justified in considering the portion of the amended complaint regarding the alleged dedication in 1935 as only a clarification or amplification of appellants' original complaint. The trial court, also, would have been justified in finding that the issue was tried by the implied consent of the parties. Rule 15 (b), Ark. Rules of Civil Procedure. We consider the issue on this appeal because it was presented in the trial court with the implied consent of appellees.

In 1935 Justin Matthews, Sr. dedicated by Bill of Assurance three acres of the property within the confines of Lakewood Recreational Improvement District to the public forever as public parks and playgrounds. In 1947 the successor in title to the lands of Justin Matthews, Sr. executed and recorded an instrument whereby the purported 1935 dedication was withdrawn and cancelled before there had been any acceptance made by the public or in the public's behalf. There is nothing in the record to indicate that any objection to the withdrawal and cancellation was made prior to 1980.

The right of an owner of land dedicated to public use to revoke and cancel such dedication at any time before its acceptance has been uniformly recognized. In *Lester* v. *Walker et al*, 177 Ark. 1097, 9 S.W. 2d 323 (1928), it was held that when land is dedicated, "the revocation may be accompanied by an affirmative act in recalling it, or by abandonment ..." In *Mebane* v. *City of Wynne*, 127 Ark. 364, 192 S.W. 221 (1917), it was held that there having been no acceptance by or for the public, the dedication may become extinct by the express withdrawal by the owner, or by his death before acceptance or by the lapse of time.

In the case before the Court appellee General Properties, Inc. is the successor in title to the lands of Justin

Matthews, Sr., and the purported dedication to the public in 1935 was effectively withdrawn and cancelled in 1947 by the then-owner before acceptance by the public. The three acres was therefore properly included in determining the assessed valuation of property owned by the signers of the petition to form the District.

The issue of the constitutionality of the notice requirement relating to the creation of the District was not before the trial court, and it cannot be considered by this Court. *Sugg* v. *Continental Oil Co.*, 270 Ark. 882, 608 S.W. 2d 1 (1980). At the trial appellants attempted to raise the constitutional question regarding notice to the property owners by way of amendment to the complaint. The trial court found that prejudice to the appellees would result if appellants were allowed to amend their complaint and raise a new issue on the day set for trial.

The decree of the trial court is reversed on its finding that the method of assessment proposed in the petition for creation of the District is not unconstitutional, because the question was not properly before the Court. The decree is in all other respects affirmed.

Cooper and Glaze, JJ., not participating.