Nadine BURKETT, Administratrix of the Estate of Ray Burkett, Deceased *v.* PPG INDUSTRIES, INC., et al.

87-204                              740 S.W.2d 621

Supreme Court of Arkansas
Opinion delivered December 7, 1987
[Rehearing denied January 13, 1988.]

*Mark B. Chadick*, for appellant.

*Friday, Eldredge & Clark*, by: *Donald H. Bacon*, for appellee Aetna Casualty and Surety Co., The Standard Fire Ins. Co.

*Lovett Law Firm*, for appellee Parker Solvent Co., Inc.

*Anderson & Kilpatrick*, by: *Overton S. Anderson*, for appellee PPG Industries, Inc.

*Eilbott, Smith, Eilbott, Humphries & Taylor*, for appellee Diaz Refinery, Inc.

DAVID NEWBERN, Justice. This is a wrongful death case. The appellant, Nadine Burkett, brought the action as administratrix of the estate of the decedent, Ray Burkett, who died February 14, 1983. Named as defendants were PPG Industries, Inc., Parker Solvents Company, Inc., and Diaz Refinery, Inc., which allegedly made and sold an industrial solvent the decedent used in his work as an employee in Central Malony Transformer, Inc. The complaint alleged that the decedent's use of the solvent caused his death. Also named as defendants were Aetna Casualty and Surety Company and The Standard Fire Insurance Company. The insurance companies were allegedly liable because of their obligation to inspect the work premises pursuant to the agreement by which they provided workers' compensation insurance coverage to Central Malony. Mrs. Burkett first filed the complaint in a United States District Court which dismissed it for lack of diversity of citizenship jurisdiction. She then filed the complaint in the Jefferson County Circuit Court on February 12, 1986. The complaint was dismissed as to all defendants because it was not timely. An additional ground of dismissal of the claim against the insurance companies was the court's holding that they were immune from liability under our workers' compensation law.

Two main issues are presented for our consideration. First, we must decide whether Ark. Stat. Ann. § 27-907 (Supp. 1985), which provides that an action must be brought within one year after nonsuit "without regard to the date of death of the person alleged to have been wrongfully killed," means that the action must be brought within one year even if the otherwise applicable statute of limitations has not run. Second, we must decide whether the trial court was correct in holding that the workers' compensation insurers may have no independent liability to a worker because of the immunity provisions of our workers' compensation law.

We reverse the holding of the trial court that the action was untimely, as we find the legislative intent in creating the one-year-after-nonsuit provision in our wrongful death statute was not to shorten the limitations period in the event of a nonsuit. However, we affirm the trial court's holding that the insurance companies are immune from suit, due to our workers' compensation laws which identify the insurers with the employer who clearly is immune.

## 1. Limitation after nonsuit

For well over a century Arkansas law has provided that a plaintiff may bring an action within one year after suffering a nonsuit if the action was originally commenced within the period prescribed by the applicable statute of limitations. The current codification is found in Ark. Stat. Ann. § 37-222 (Supp. 1985). In *Lubin* v. *Crittenden Memorial Hospital*, 288 Ark. 370, 705 S.W.2d 872 (1986), we reviewed our long history of liberal construction of that statute and the numerous cases which have held that its purpose is not to shorten the applicable statute of limitations but to permit one who has originally commenced an action within the time prescribed to recommence it, having suffered nonsuit, although the limitations period may have run.

In *Sugg* v. *Continental Oil Company*, 270 Ark. 882, 608 S.W.2d 1 (1980), we held that § 37-222 was inapplicable where the action was one for wrongful death. Our holding was based upon *Vines* v. *Arkansas Power & Light Company*, 232 Ark. 173, 337 S.W.2d 722 (1960), and other cases where we have held that because a wrongful death action was unknown at common law, and the general assembly had created it with its own special statute of limitations, our "general savings statute," § 37-222 was inapplicable. Our decision in the *Sugg* case was by a court divided four to three, and we issued what could be regarded as an invitation to the general assembly to remedy the seeming inequity caused by the disparity between plaintiffs who suffer nonsuits in common law actions and those who suffer nonsuits in actions for wrongful death. We said: "The rule enunciated in *Vines* has been the law in Arkansas for many years, and the legislature has not seen fit to amend the pertinent statutes to provide that the general tolling provision (§ 37-222) would apply, as urged by appellant, to this type of action. That case is controlling here. [270 Ark. at 884,

608 S.W.2d at 2]."

Apparently in response to our decision in the *Sugg* case, the general assembly amended our wrongful death statute. Prior to the amendment, the statute, which was Act 255 of 1957, provided, in part, in Section 2., that "Every action authorized by this act [§§ 27-906 through 27-910] shall be commenced within three [3] years after the death of the person alleged to have been wrongfully killed and not thereafter." By Act 625 of 1981, the following sentence was added: "If a non-suit be suffered, such action shall be brought within one [1] year from the date of such non-suit without regard to the date of the death of the person alleged to have been wrongfully killed." The emergency clause accompanying Act 625 was as follows:

> It is hereby found and determined by the General Assembly of the State of Arkansas that the Supreme Court of the State of Arkansas announced in *Sugg* v. *Continental Oil Co.*, 270 Ark. 882, 608 S.W.2nd 1 (1980) that the nonsuit statute, Sec. 21 Revised Statutes, Chapter 91, same being Ark. Stat. 37-222, shall not apply in an action for wrongful death where a non-suit is suffered more than three years after the death of the person allegedly to have been wrongfully killed, and this Act is needed in order to avoid unnecessary hardships in wrongful death actions and to avoid confusion to provide for the proper administration of justice. Therefore, an emergency is declared to exist and this Act being immediately necessary for the preservation of the public peace, health and safety shall be in full force and effect from and after its passage and approval.

The appellees argue that the language of the statute is so clear that we need not, and should not, resort to consideration of legislative intent, citing our recent decision in *Hinchey* v. *Thomasson*, 292 Ark. 1, 727 S.W.2d 836 (1987). Their point is that by saying that unless action shall be brought within one year after suffering nonsuit "without regard to the date of the death of the person alleged to have been wrongfully killed" the general assembly has effectively shortened the limitations period for one who has suffered a nonsuit. In other words, even though there may be time remaining in the applicable statute of limitations period, as in the case before us, when the nonsuited action is recom-

menced, it must be dismissed if not recommenced within one year of suffering nonsuit.

In our view, the statute is not as unambiguous as the appellees contend. When it added the nonsuit provision to § 27-907, the general assembly was speaking in the context of the preceding sentence which says, "Every action authorized by this Act shall be commenced within three (3) years after the death of the person alleged to have been wrongfully killed." By stating that a claim must be refiled within a year of suffering nonsuit regardless of the "date of death of the person alleged to have been wrongfully killed," the general assembly may or may not have meant "regardless of date of death as a predicate for applying the statute of limitations." In other words, it may or may not have meant "the claim shall be refiled within one year of suffering nonsuit even if the statutory limitation period has run." In our view, the statute would have been less ambiguous had it simply said, "the claim as to which a nonsuit has been suffered shall be brought within one year of the date of the nonsuit." By referring to the date of death of the decedent, the language suggests there may be some reason for thinking that an action may not be brought at some specific time after the death. There is, and it is the period set in the preceding three-year limitation language. We can think of no reason for the reference to the date of death in this sentence other than to make reference to the statute of limitations. Again, the general assembly thus possibly was saying that, regardless of the fact that the statute of limitations has run, a party who has suffered a nonsuit has one year to recommence the action. This possibility becomes the obvious when we look beyond the language of the act to its history and the emergency clause which accompanied it.

In *Steele* v. *Murphy*, 279 Ark. 235, 650 S.W.2d 573 (1983), we considered whether a statute which, by its literal terms, applied only to oral leases would apply also to tenancies from year to year. In response to the argument that the statute limited its applicability to oral leases only, we said:

> We decline to give such a limited interpretation to the statute because the literal interpretation does not give effect to the legislative intent. It is the duty of this Court to give effect to the intent of the General Assembly, even

> though the true intention, though obvious, has not been expressed by the language employed when given its literal meaning. *Berry* v. *Gordon*, 237 Ark. 547, 376 S.W.2d 279 (1964). We conclude that a proper construction of the act renders it applicable to tenancies from year to year. [279 Ark. at 238, 650 S.W.2d at 575]

While we could have said the language was clear and limiting, we refused to do so because it would have subverted a legislative intent which was less obvious than the legislative intent glaring at us in this case.

■ We hold that § 27-907 does not preclude a party who has commenced a wrongful death action within three years of the date of death, and who has suffered a nonsuit of that action, from recommencing it more than one year after the date of the nonsuit but within three years from the date of death.

### 2. The insurers' immunity

We agree with the trial court's dismissal of the claim against the insurers who had already paid workers' compensation benefits with respect to this claim. Whether an insurer who has agreed to inspect the work premises as a part of the contract by which it provides workers' compensation coverage to an employer may have independent liability to an employee who is injured in the workplace is a question of first impression in this court. However, the United States Court of Appeals for the Eighth Circuit has considered the matter and has predicted, with great accuracy as it turns out, our holding. In *Kifer* v. *Liberty Mutual Insurance Company*, 777 F.2d 1325 (8th Cir. 1985), an injured employee sued the carrier of his employer's workers' compensation insurance claiming that it had independent liability to him for a workplace injury caused by its failure to inspect the premises and warn him of danger. The court made an exhaustive study of the law with respect to whether a workers' compensation act such as ours precludes such liability, and found that it did.

We agree with the opinion in the *Kifer* case, particularly with that portion of it which concludes that Ark. Stat. Ann. § 81-1340 (Repl. 1976), in addressing the matter of "third party liability" to an injured worker, shows the intent of the general assembly to have been to preclude the insurer from independent

liability. We quote from the opinion:

> The language in subsection (a)(2) of section 81-1340 implies that the extent of a carrier's liability for injuries covered by the Act is limited to the payment of workers' compensation benefits. That subsection establishes a formula by which the proceeds of any recovery from the "third party" are distributed. After deducting "reasonable attorney's fees and one-third of the remainder for the injured employee," the subsection provides for the distribution of "the remainder, or so much thereof as is necessary to discharge the actual amount of the liability of the employer *and the carrier . . . .*" (emphasis added) The reference to the phrase "actual amount of the liability of the . . . carrier" suggests a legislative intent to limit the carrier's liability to the payment of workers' compensation benefits.
>
> Language by the Arkansas Supreme Court in *Neal* v. *Oliver*, 246 Ark. 377, 438 S.W.2d 313 (1969) lends additional support for this construction of section 81-1340(a)(1). Although *Neal* did not involve a workers' compensation insurance carrier as the defendant, the language employed by the court seems applicable to the facts of the present case.
>
>> The term "third party" is not defined in the act and the first and second parties are not even mentioned, but from the language employed in the context it is used in § 1340(a) . . . ."third party" can only mean some person or entity other than the first and second parties involved, and the first and second parties can only mean the injured employee and the employer *or one liable under the compensation act.*
>
> *Id.* at 380, 438 S.W.2d at 315 (emphasis added). The court's reference to "one liable under the compensation act" can only mean a workers' compensation insurance carrier. The carrier is the only other party mentioned in section 81-1340 who is equated with the employer and who is liable for the payment of compensation. *Neal* represents the closest approach of the Arkansas Supreme Court to the issue presented in this case.

We note also that Professor Arthur Larson, who is generally regarded as the leading academic authority on workers' compensation statutes, has reached a similar conclusion in regard to the issue of carrier immunity under the Arkansas Act. In his treatise, Professor Larson includes the Arkansas Act within the category of statutes "that, while not expressly identifying the carrier with the employer [for purposes of immunity], employ language containing a strong implication to [that] effect." 2A A. Larson, *The Law of Workmen's Compensation* § 72.93, at 14-290 to -291 (1983). Professor Larson cross-references to *Horne* for the proposition that under the Arkansas Act a workers' compensation carrier is immune from tort actions brought by the injured employee. His treatment of Arkansas law on this point is summed up with a citation to *Horne* and the statement: "Carrier held immune under the wording of the Arkansas third-party provision, in which the words 'employer or carrier' are closely followed by 'any third party,' thus identifying the employer and carrier in third-party situations, and disassociating the carrier from 'any third party.' " *Id.* at § 72.91, at 14-273 n. 29. [777 F.2d at 1333-1334]

■ We hold that a workers' compensation insurance carrier has the same immunity from suit by an injured employee as is provided the employer by Ark. Stat. Ann. § 81-1304 (Supp. 1985).

The dismissal of the action against PPG Industries, Inc., Parker Solvents Company, Inc., and Diaz Refinery, Inc., is reversed, and the dismissal of the action against Aetna Casualty and Surety Company and The Standard Fire Insurance Company is affirmed.

Affirmed in part, reversed in part, and remanded.

HICKMAN, HAYS, and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. While the majority decision may speak well of the equities in permitting the appellant to file this wrongful death action, it is not supported by the law.

It is elementary to say that Arkansas courts follow the

prevailing rule that where a cause of action does not exist at common law, but is created by the statutes of a state, it exists only in the manner and form and for the length of time prescribed by the statute of the state which created it. *See Smith* v. *Missouri-Pacific R. R. Co.*, 175 Ark. 626, 1 S.W.2d 48 (1927). The court in *Smith*, quoting from *Ernest* v. *St. Louis, Memphis & S. E. Ry. Co.*, 87 Ark. 65, 112 S.W. 141 (1908), said:

> [W]e conclude that it is now well settled that, where a statutory right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right of action, and will control, no matter in what forum the action is brought.

Here, the applicable statute is Ark. Stat. Ann. § 27-907 (Supp. 1985), as amended by Act 625 of 1981, which provides:

> Every such action shall be brought by and in the name of the personal representative of such deceased person, and if no personal representative, then same shall be brought by the heirs at law of such deceased person. Every such action authorized by this act, shall be commenced within three (3) years after the death of the person alleged to have been wrongfully killed. *If a nonsuit be suffered, such action shall be brought within one year from the date of such non-suit without regard to the date of death of such person alleged to have been wrongfully killed.*

As can be readily discerned, the final sentence in § 27-907 establishes the limitation period following a nonsuit and does so in unambiguous language. Simply put, § 27-907 provides that a wrongful death action must be commenced within three years after the person's death; however, if that action is nonsuited, such action must be filed within one year from the date of the nonsuit—without regard to the date of the person's death.

Now, the majority holds § 27-907 does not mean what it says. Instead, the majority's interpretation of § 27-907 changes the final sentence of that statute, in effect, to read:

> If a nonsuit be suffered, such [wrongful death] action must be filed within one year from the date of the nonsuit

> without regard to the date of the person's death, *except such action may be recommenced more than one year after the date of nonsuit if the action is brought within three years from the date of death.*

In adding the above language by judicial fiat to meet its interpretation of § 27-907, the majority ignores the longstanding rules on construction of statutes enacted in derogation of common law, and, in particular, as these rules apply to limitation provisions. *Smith* v. *Missouri-Pacific R. R. Co.*, 175 Ark. 626, 1 S.W.2d 48. Because of the decedent's unfortunate death, a natural tendency exists to provide an extension of the limitation to permit the filing of appellant's case. While I am personally sympathetic with the appellant's request to permit her filing this action, I believe the majority is wrong in doing so and its construction of § 27-907 to lengthen the limitations runs counter to settled law.

My view of how this court is supposed to construe and interpret our wrongful death law and applicable limitation provisions is based upon the court's previous holdings in *Vines* v. *Arkansas Power & Light Company*, 232 Ark. 173, 337 S.W.2d 722 (1960) and *Sugg* v. *Continental Oil Company*, 270 Ark. 882, 608 S.W.2d 1 (1980). The majority cites these cases but refuses to apply the underlying principles to the case at hand; instead the majority suggests the special limitation statute, § 27-907, is somehow ambiguous and then proceeds, contrary to applicable rules of construction, to engraft a meaning to that statute which is not supported in any fashion by the provision's expressed terms. Although such a construction has been held proper when considering a general savings statute and a general statute of limitation, *see Shelton* v. *Jack*, 239 Ark. 875, 395 S.W.2d 9 (1965), the court has not authorized such a construction when considering the wrongful death statute, which, as noted earlier, is in derogation of common law.

This case involves a legal issue that should be addressed by the Arkansas General Assembly. The majority, in my opinion, commits error by giving meaning to § 27-907 which cannot be supported, either directly or impliedly, by its statutory terms.

HICKMAN and HAYS, JJ., join in this dissent.