Margaret BURROWS, Special Administrator of the Estate of Charles Burrows, Plaintiff,

v.

TURNER MEMORIAL HOSPITAL, INC., Defendant.

Civ. No. 91–2009.

United States District Court, W.D. Arkansas, Fort Smith Division.

April 9, 1991.

As Amended by Subsequent Order April 24, 1991.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

In October, 1988, Charles Burrows came to the emergency room of Turner Memorial Hospital in Ozark, Arkansas. According to the complaint, he was seeking medical attention for "leg laceration and attendant shock." While at the emergency room, the complaint alleges, Mr. Burrows "displayed symptoms of shock and present or impending myocardial infarction, including shortness of breath, chest pain, extreme dizziness or loss of consciousness, chill, perspiration and skin discoloration." The complaint contends, accordingly, that Mr. Burrows was suffering at the time from "an emergency medical condition placing his health in serious jeopardy." Mr. Burrows was discharged from the emergency room on the same day and died of a heart attack shortly after discharge.

The special administrator of his estate, his daughter Margaret, now sues the hospital. She contends that the hospital failed to provide an appropriate medical screening to determine whether Mr. Burrows was suffering from an emergency medical condition at the time of his visit and that the hospital discharged him without having provided the care necessary to stabilize that condition. The complaint characterizes these alleged actions by the hospital as violations of 42 U.S.C. § 1395dd and asserts federal question jurisdiction on account of them. A pendent state claim for medical malpractice is also alleged.

The defendant hospital moves to dismiss for failure to state a claim under 42 U.S.C. § 1395dd and a consequent lack of jurisdiction, the parties not being diverse. The motion will be granted as to the federal claim and denied as to the state claim.

### I.

The defendant hospital first argues that the plaintiff may not assert a cause of action under 42 U.S.C. § 1395dd unless her contention is that the hospital's actions in relation to Mr. Burrows were taken because he was indigent. It is undisputed

Ronald W. Metcalf, Fort Smith, Ark., James D. Sill, Shawnee, Okl., for plaintiff.

Alan Wooten, Warner & Smith, Fort Smith, Ark., for defendant.

that the complaint makes no such allegation.

The statute states that if a person comes to a hospital emergency room, the hospital must "provide for an appropriate medical screening examination within the capability of the hospital's emergency department to determine whether or not an emergency medical condition ... exists." *See* 42 U.S.C. § 1395dd(a). An emergency medical condition is one "manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in (A) placing the patient's health in serious jeopardy, (B) serious impairment to bodily functions, or (C) serious dysfunction of any bodily organ or part." *See* 42 U.S.C. § 1395dd(e)(1).

The statute also states that if the hospital determines that the person has an emergency medical condition, the hospital must provide either "for such further medical examination and such treatment as may be required to stabilize the medical condition," *see* 42 U.S.C. § 1395dd(b)(1)(A), or for transfer, *see* 42 U.S.C. § 1395dd(b)(1)(B). "Transfer" includes discharge. *See* 42 U.S.C. § 1395dd(e)(5). Transfer may not be effected if the person "has an emergency medical condition which has not been stabilized," except under circumstances not relevant here. *See* 42 U.S.C. § 1395dd(c)(1). To be stabilized means that "no material deterioration of the condition is likely, within reasonable medical probability, to result from the transfer." *See* 42 U.S.C. § 1395dd(e)(4)(B).

The legislative history of 42 U.S.C. § 1395dd suggests that the purpose of its enactment was to combat the problem of patient dumping, *i.e.*, the refusal by hospitals to treat certain emergency room patients simply because they were unable to pay. *See, e.g.,* H.R. No. 241, Part 1, 99th Cong., 2d Sess. 27, *reprinted in* 1986 *U.S. Code Cong. and Admin.News* 42, 605, and H.R. No. 241, Part 3, 99th Cong., 2d Sess. 5, *reprinted in* 1986 *U.S.Code Cong. and Admin.News* 42, 726–27. *See also Cleland v. Bronson Health Care Group,* 917 F.2d 266, 268 (6th Cir.1990); *Deberry v. Sher-*

*man Hospital Association,* 741 F.Supp. 1302, 1304 (N.D.Ill.1990); *Sorrells v. Babcock,* 733 F.Supp. 1189, 1191 (N.D.Ill.1990); *Stewart v. Myrick,* 731 F.Supp. 433, 435 (D.Kan.1990); *Evitt v. University Heights Hospital,* 727 F.Supp. 495, 497 (S.D.Ind. 1989); and *Nichols v. Estabrook,* 741 F.Supp. 325, 330 (D.N.H.1989).

The statute as written, however, contains no reference to indigency. On their face, the provisions of the statute apparently apply to all persons who seek medical attention from a hospital emergency room. For this reason, at least two courts have held that in order to state a cause of action under the statute, it is not necessary to allege that a hospital's actions were related in some way to a patient's indigency. *See Cleland,* 917 F.2d at 268, 270; and *Deberry,* 741 F.Supp. at 1306.

As the Sixth Circuit points out, there are "many reasons other than indigency that might lead a hospital to give less than standard attention to a person who arrives at the emergency room. These might include: prejudice against the race, sex, or ethnic group of the patient; distaste for the patient's condition (*e.g.,* AIDS patients); personal dislike or antagonism between the medical personnel and the patient; disapproval of the patient's occupation; or political or cultural opposition. If a hospital refused treatment to persons for any of these reasons, or gave cursory treatment, the evil inflicted would be quite akin to that discussed by Congress in the legislative history, and the patient would fall squarely within the statutory language." *Cleland,* 917 F.2d at 272.

As the Sixth Circuit also notes, the "words of the statute on basic eligibility are quite plain, and interpreting them as such does not lead to an absurd result. It leads to a result considerably broader than one might think Congress should have intended, or perhaps than any or all individual members of Congress were cognizant of. However, it is not our place to rewrite statutes to conform with our notions of efficacy or rationality. That is the job of Congress. It is only where the language that Congress uses admits of varying inter-

pretations that secondary means of interpretation come into play. Here, the result we reach in no way vitiates or is contrary to Congress's indicated concern in passing the legislation. It may go further than what Congress contemplated, but that is not a reason to distort or excise the words that Congress wrote." *Id.* at 270. *See also Deberry,* 741 F.Supp. at 1306–07.

It is true that some district courts have reached the opposite conclusion, holding that complaints without an allegation of indigency as the basis for a hospital's actions do not state a claim under 42 U.S.C. § 1395dd. *See, e.g., Stewart,* 731 F.Supp. at 436; *Evitt,* 727 F.Supp. at 498; and *Nichols,* 741 F.Supp. at 330. This court, however, finds the reasoning of the Sixth Circuit to be, on balance, more persuasive.

The court holds, therefore, that the complaint does state a claim under 42 U.S.C. § 1395dd, since it alleges a failure by the defendant hospital to provide an appropriate medical screening and to stabilize Mr. Burrows before discharging him. *See* 42 U.S.C. § 1395dd(a), § 1395dd(b), § 1395dd(c).

## II.

■ Anticipating this possibility, the defendant hospital further argues that the two-year statute of limitations stated in 42 U.S.C. § 1395dd(d)(3)(C) bars the suit. The actions complained of occurred in October, 1988. The suit was filed on January 23, 1991. Under ordinary circumstances, then, the suit would be time-barred.

The plaintiff argues, however, that an earlier suit based on the same events was filed in this court in May, 1989, well within the limitations period. The complaint in that case asserted a claim under state law for medical malpractice; jurisdiction at that time was based on diversity.

That suit was dismissed without prejudice by stipulation of the parties on January 29, 1990. The plaintiff argues that the stipulated dismissal extended for one year the limitations period for that suit, *see* Ark. Code Ann. § 16–56–126; that the complaint for that suit could have been amended to include a claim under 42 U.S.C. § 1395dd;

and that such an amendment would have related back to the filing date for the original complaint, *see* Fed.R.Civ.P. 15(c). The plaintiff argues, therefore, that the federal claim now asserted is timely, the statute of limitations having been extended until January 29, 1991, by the stipulated dismissal of the earlier suit. The court disagrees.

For argument's sake, the court accepts the contention that leave would have been granted to amend the earlier suit to add a claim under 42 U.S.C. § 1395dd. The court also agrees that a dismissal without prejudice in this court extends for one year the statute of limitations for certain claims. *See Partin v. Wade,* 172 F.2d 50, 53 (8th Cir.1949).

The court points out, however, that the claims on which the statute of limitations is extended are only those to which a statute of limitations determined by state law applies. *See, e.g., Garrison v. International Paper Co.,* 714 F.2d 757, 759 n. 2 (8th Cir.1983); *see also Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). In other words, although the statute of limitations on the medical malpractice claim may have been extended for a year, the statute of limitations on the federal claim—established by federal law—was not, *see Garrison,* 714 F.2d at 759 n. 2, and would not have been even if the federal claim had been included in the earlier complaint.

The court finds, therefore, that the federal claim asserted in the current complaint is time-barred. Accordingly, count 1 will be dismissed with prejudice.

## III.

The remaining count is the state law claim for medical malpractice. As noted above, the parties were no longer diverse when this action was filed, so the court has no independent basis for jurisdiction of the state law claim. The question, then, is whether the court should exercise its discretion to retain jurisdiction over the state law claim. *See, e.g.,* 13B C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3567.1

at 121–37 (1984). Among the considerations to be evaluated is whether the plaintiff would be able to bring this action in state court if it is dismissed in this court. *See id.* at 123–32.

The limitations period on medical malpractice claims under Arkansas law is two years in most circumstances. *See* Ark. Code Ann. § 16–114–203(a). The original complaint, filed in May, 1989, was well within the two-year period. The dismissal without prejudice on January 29, 1990, of that complaint extended for one year the limitations period for that cause of action. *See Partin v. Wade,* 172 F.2d 50, 53 (8th Cir.1949). The present suit—filed on January 23, 1991—was within that one-year period. The limitations period has now expired.

If the court dismisses this case, then, the plaintiff will be barred by the statute of limitations from bringing the case in state court. For that reason, the court will exercise its discretion and retain jurisdiction of the pendent state claim. *See* Wright, Miller, and Cooper, § 3567.1 at 127–32.

## AS AMENDED BY SUBSEQUENT ORDER

NOW on this twenty-fourth day of April, 1991, comes on for consideration the above-styled cause.

█ IT APPEARING to the court that the case should be dismissed for lack of subject matter jurisdiction, since the only remaining state law claim is one over which the court has no independent source of jurisdiction, and that the court should decline to exercise its discretion to retain the claim, since the claim is controlled by the three-year statute of limitations for wrongful death actions, *see* Ark.Code Ann. § 16–62–102(c)(1), rather than by the two-year statute of limitations for medical malpractice actions, *see* Ark.Code Ann. § 16–114–203(a), *see Brown v. St. Paul Mercury Insurance Co.,* 292 Ark. 558, 560, 562–63, 732 S.W.2d 130 (1987), *see also Clark v. Beverly Enterprises,* 836 F.2d 438, 439 (8th Cir.1988) (*per curiam*), and therefore the plaintiff has until October, 1991, to refile the action in state court, *see*

*Burkett v. PPG Industries, Inc.,* 294 Ark. 50, 55, 740 S.W.2d 621 (1987), it is ORDERED that the case be, and it is hereby, dismissed without prejudice.