Mike ENGBERG, Rick Morgan and Neva Balzer, Individually and in Behalf of All Other Members of the Defendant Unions Similarly Situated, Plaintiffs,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY; District Lodge # 19, International Association of Machinists and Aerospace Workers, AFL–CIO; International Brotherhood of Firemen and Oilers, System Council # 19, AFL–CIO; and Brotherhood of Railway Carmen Division, Transportation and Communications International Union, AFL–CIO, Defendants.

No. 92–1253–PFK.

United States District Court, D. Kansas.

April 15, 1993.

Memorandum on Denial of Reconsideration May 3, 1993.

Paul R. Hoferer, Nola Wright Viola and Steve Phillips, Topeka, KS, for defendant Atchison, Topeka & Santa Fe Ry. Co.

Michael S. Wolly, Mulholland & Hickey, Washington, DC, for defendant unions.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

Plaintiffs originally brought this action against defendants Atchison, Topeka and Santa Fe Railway Company (Santa Fe) and plaintiffs' respective labor unions on May 16, 1992. (Dkt. No. 1.) The unions were properly served. Santa Fe, however, was not served until October 15, 1992, 152 days after the complaint was filed. Thus, Santa Fe moved to dismiss this matter against it, pursuant to Fed.R.Civ.P. 12(b) and 4(j). (Dkt. No. 11.) On December 15, 1992, this court granted Santa Fe's motion and dismissed it without prejudice. (Dkt. No. 14.)

Santa Fe's current motion to dismiss (Dkt. No. 17) arises out of plaintiffs' second amended complaint, filed December 31, 1992. (Dkt. No. 15.) Santa Fe claims this complaint, that adds Santa Fe as a defendant, is barred by the applicable statute of limitation. In addition, Santa Fe contends count III of the complaint fails to state a claim upon which relief can be granted.

On March 17, 1993, a hearing was held on Santa Fe's motion to dismiss. At the hearing, plaintiffs cited cases and statutes that had not been included in plaintiffs' response brief. In a letter dated March 19, 1993, plaintiffs cited three more cases which plaintiffs claim support their contentions that the statute of limitations had not run when they refiled their suit against Santa Fe. The court then ordered Santa Fe to respond to plaintiffs' new arguments, which Santa Fe has now done.

### Statute of Limitations

Plaintiffs' action is a hybrid claim under the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.* A hybrid claim is one in which an employee brings a cause of action against his employer, alleging the employer violated the collective bargaining agreement, and against his union, alleging the union

Jim Lawing, Wichita, KS, for plaintiffs.

breached its duty of fair representation to plaintiff. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 154, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983). In *DelCostello*, the Court held the six-month statute of limitations set forth in § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), applies to hybrid claims under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. 462 U.S. at 169–71, 103 S.Ct. at 2293–94. The Tenth Circuit has applied this six-month statute of limitations in RLA cases. *Barnett v. United Air Lines, Inc.*, 738 F.2d 358, 363, cert denied, 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984) (the reasoning and analysis of *DelCostello* controls hybrid claim brought under RLA).

For the purposes of this motion it will be assumed that plaintiffs' cause of action accrued on the date of the filing of the original complaint, May 16, 1992. If that is assumed to be true, the applicable statute of limitations ran on November 16, 1992. Thus, Santa Fe contends plaintiffs' suit is untimely as to Santa Fe.

Plaintiffs argue K.S.A. § 60–518 (1983) applies. Section 60–518 provides:

> If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff ... may commence a new action within six (6) months after such failure.

Plaintiffs claim K.S.A. § 60–518 saves their cause of action against Santa Fe by allowing them to refile their suit anytime within six months of the court's dismissal on December 15, 1992. Plaintiffs cite *Greenlee v. Goodyear Tire & Rubber Co.*, 572 F.2d 273 (10th Cir.1978), for support. *Greenlee* is easily distinguished from the case currently under consideration because it was tried in federal court based on diversity of citizenship and no federal question was involved.

In *Gatlin v. Missouri Pac. R. Co.*, 631 F.2d 551, 554 (10th Cir.1980), the Tenth Circuit found that in a federal question cause of action the issue of whether the statute of limitations is tolled by events occurring after it has accrued is a federal question. The court stated that when applying federal law, "a dismissal without prejudice leaves the situation so far as procedures herein are concerned the same as though the suit had never been brought and a party cannot deduct from the limitations period the time during which the action so dismissed is pending." The court further stated state law "simply does not pertain" to the federal action. Thus, the action was considered filed on the date the suit was filed the second time, following a dismissal without prejudice. 631 F.2d at 554; *see also* 4 Wright & Miller, *Federal Practice and Procedure* § 1056 (2d ed. 1987) (if the relevant federal statute provides a specific limitations provision, state grace provisions will not apply).

Plaintiffs claim the statute of limitations should be equitably tolled and cite *Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir.1986). In that case the court stated the six-month limitation period for bringing a duty of fair representation claim should be tolled while "an employee pursues intra-union grievance procedures, even if those procedures are ultimately futile." 793 F.2d at 1510. *Galindo* does not apply to the facts presented to this court. Here, plaintiffs are asking to toll the running of the statute of limitations as it applies to their breach of contract claim against their employer. Furthermore, the fact that plaintiffs may have attempted to negotiate a settlement with the unions *after* filing the original complaint on May 16, 1992 does not change the date upon which the cause of action accrued.

Plaintiffs also argue the applicable statute of limitations is 45 U.S.C. § 153 First (r), which provides:

> All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after.

Plaintiffs cite *Brock v. Republic Airlines, Inc.*, 776 F.2d 523 (5th Cir.1985), to support their contention that the two-year statute of limitations found in 45 U.S.C. § 153 First (r) applies here. In *Brock*, it appears the court applied 45 U.S.C. § 153 First (r) to the plaintiff's claims of fraud and corruption by his

employer and his collective bargaining agent. 776 F.2d at 526.

Plaintiffs, however, are overlooking subsequent Fifth Circuit cases which clearly limit the application of 45 U.S.C. § 153 First (r) to actions to enforce or review awards by the National Railroad Adjustment Board (NRAB). For example, in *Trial v. Atchison, Topeka & Santa Fe Ry Co.*, 896 F.2d 120 (5th Cir.1990), employees brought a breach of contract suit against their employer. The court was asked to address whether the employees were required to also join the union responsible for representing them. The court found it did not have to answer that question because, if bringing in the union was required, joining the union was time-barred by the six-month statute of limitation espoused in *DelCostello*. The court stated:

> The RLA provides a two-year statute of limitations for actions for judicial review arising under its own provisions—*i.e.*, for review of an Adjustment Board order on grounds that the Board has failed to comply with RLA requirements, that the Board has exceeded its jurisdiction, or that there was fraud or corruption by a Board member. 45 U.S.C. § 153 First (p)-(r); *Brock*, 776 F.2d at 526–27. In this case, the fraud that the appellants allege was allegedly committed by Santa Fe, not by an Adjustment Board member. Therefore, the appellants' claims of fraud "fall entirely outside the parameters of *Brock*," and the two-year statute of limitations does not apply.

896 F.2d at 125 (citation omitted). All other cases cited by plaintiffs can also be distinguished.

In *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), the Court expressly acknowledges the application of the NLRA § 10(b) six-month statute of limitations in a hybrid suit brought under the RLA. The Court further stated § 10(b) does not replace the Federal Rules of Civil Procedure and thus, Rules 3 and 4 govern the commencement of a civil action and service. 481 U.S. at 38, 107 S.Ct. at 1541.

■ Fed.R.Civ.P. 3 provides: "A civil action is commenced by filing a complaint with the court." Here, Santa Fe was dismissed without prejudice from this suit on December 15, 1992. The second amended complaint which acted to bring Santa Fe back into the suit was filed on December 31, 1992. That complaint was filed after the cause of action against Santa Fe was time-barred by the applicable six-month statute of limitations. The Kansas saving statute, K.S.A. 60–518, does not apply to toll the statute of limitations in a federal question suit. Dismissal for failure to serve within the 120–day time period provided by Fed.R.Civ.P. 4(j) is without prejudice. Such a dismissal, however, may operate as a dismissal with prejudice when the action is time-barred. *Putnam v. Morris*, 833 F.2d 903, 904–05 (10th Cir.1987). For all of the above-stated reasons, Santa Fe's motion to dismissed is granted.

### Count III

Count III (¶ 48) of the second amended complaint alleges "the defendants are colluding to allow the claims of the plaintiffs to become stale and to become outlawed by the statute of limitations . . . ." Santa Fe argues Count III fails to state a claim upon which relief could be granted because the RLA does not create a cause of action for conspiracy, and therefore, this court lacks subject matter jurisdiction. In their reply brief, plaintiffs do not respond to this contention.

Because the court has found plaintiffs' cause of action against Santa Fe is time-barred, the court need not address this issue.

IT IS ACCORDINGLY ORDERED.

### MEMORANDUM AND ORDER ON RECONSIDERATION

Plaintiffs have moved for reconsideration of the court's April 15, 1993 memorandum and order. (Dkt. No. 23.) Defendant Atchison, Topeka and Santa Fe Railway Company (Santa Fe) has notified the court that it will not be filing a response to plaintiffs' motion. The court finds no hearing is necessary, and therefore is ready to rule on this matter.

Plaintiffs filed their original complaint in this suit on May 16, 1992. Santa Fe, however, was not served within 120 days as required by Fed.R.Civ.P. 4(j) and as a result

was dismissed from the suit without prejudice. (Dkt. No. 14.) On December 31, 1992, plaintiffs filed a second amended complaint in an attempt to bring Santa Fe back into the case. (Dkt. No. 15.) Santa Fe then filed a motion to dismiss alleging the claims against it were barred by the applicable statute of limitations and that count III failed to state a claim upon which relief can be granted. (Dkt. No. 17.)

In its April 15, 1993 memorandum and order, this court found plaintiffs' cause of action was a hybrid claim; one in which an employee brings a suit against his employer, alleging the employer violated the collective bargaining agreement, and against his union, alleging the union breached its duty of fair representation to plaintiff. (Dkt. No. 22 at 2.) The court further held the applicable statute of limitations for plaintiffs' hybrid claim was the six-month statute of limitations set forth in § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). (Dkt. No. 22 at 2–3.) Because the suit against Santa Fe was time-barred, the court did not address Santa Fe's argument that count III failed to state a claim. (Dkt. No. 22 at 7.)

In their motion for reconsideration, plaintiffs claim Santa Fe did get notice of the suit filed in May or at least learned of the suit when the amended complaint was mailed in June, 1992. That argument was considered by the court in its memorandum and order of December 15, 1992, and will not be revisited here. Plaintiffs contend equity requires a tolling of the statute of limitations because the defendants allegedly colluded to avoid timely service on Santa Fe. Plaintiffs further argue the two-year statute of limitations of the Railway Labor Act (RLA), 45 U.S.C. § 153 First (r), applies rather than the six-month statute of limitations of the NLRA.

All plaintiffs' arguments have previously been made, and in their motion plaintiffs do not cite any new case law to support their arguments. Moreover, many of plaintiffs' contentions go to the merits of the case which the court cannot consider at this stage of the litigation. The court thoroughly considered both parties' arguments and authorities before issuing its decision on April 16, 1993. Nothing plaintiffs argue in their motion for reconsideration has convinced the court it erred in that decision. The applicable statute of limitations is 29 U.S.C. § 160(b), and therefore, plaintiffs' cause of action against Santa Fe was time-barred when the second amended complaint was filed on December 31, 1992.

IT IS ACCORDINGLY ORDERED this 3rd day of May, 1993, that plaintiffs' motion for reconsideration (Dkt. No. 23) is denied.