78

Susan C. VOGEL, Committee for Kara Jae Vogel, an Incompetent, Plaintiff–Appellant,

v.

Richard E. LINDE, M.D.; INOVA Health System Hospitals, d/b/a Fairfax Hospital, Defendants–Appellees.

American Hospital Association, Amicus Curiae.

Susan C. VOGEL, Committee for Kara Jae Vogel, an Incompetent, Plaintiff–Appellee,

v.

Richard E. LINDE, M.D., Defendant–Appellant,

and

INOVA Health System Hospitals, d/b/a Fairfax Hospital, Defendant.

American Hospital Association, Amicus Curiae.

Susan C. VOGEL, Committee for Kara Jae Vogel, an Incompetent, Plaintiff–Appellee,

v.

INOVA HEALTH SYSTEM HOSPITALS, d/b/a Fairfax Hospital, Defendant–Appellant,

and

Richard E. Linde, M.D., Defendant.

American Hospital Association, Amicus Curiae.

Nos. 93–2040, 93–2069 and 93–2088.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1994.

Decided April 28, 1994.

**ARGUED:** Steven Mark Garver, Reston, VA, for appellant.

William Daniel Cremins, Walsh & Cremins, P.C., Fairfax, VA, for appellee INOVA; Judith Bowles Henry, Crews & Hancock, Richmond, VA, for appellee Linde. **ON BRIEF:** Gerald R. Walsh, Randolph H. Per-

ry, Walsh & Cremins, P.C., Fairfax, VA, for appellee INOVA; Thomas G. Smith, Richard L. Nagle, Crews & Hancock, Richmond, VA, for appellee Linde. Gregory M. Luce, James E. Anklam, Heather Lowry, Jones, Day, Reavis & Pogue, Washington, DC; Fredric J. Entin, James A. Henderson, Maureen D. Mudron, American Hospital Association, Chicago, IL, for amicus curiae.

Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.

Affirmed by published opinion. Judge K.K. HALL wrote the opinion, in which Judge MURNAGHAN and Judge LUTTIG joined.

## OPINION

K.K. HALL, Circuit Judge:

Susan Vogel appeals an order of the district court granting summary judgment to the defendant hospital in Vogel's action for violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, and dismissing without prejudice her medical malpractice claim against the defendant doctor. Because we find that the EMTALA claim is barred by the statute of limitations, we affirm.

## I.

Kara Jae Vogel, seventeen years old and mentally retarded because of Down's Syndrome, went to Fairfax Hospital on June 20, 1990, to have a tube put in her right ear. This procedure was performed on an outpatient basis by Dr. Richard Linde, an otolaryngologist.

In the recovery room, Kara's mother, Susan Vogel, noticed that Kara was moaning and exhibiting signs of extreme pain. She did not know what was wrong, but after some

1. Both Dr. Linde and hospital personnel apparently feared that Vogel's insurance would not pay for an unnecessary admission, but they relented when Mrs. Vogel guaranteed that she would pay for the stay personally.

2. Va.Code Ann. §§ 8.01–581.1 *et seq.*

3. "[W]e review judgments, not opinions." *Hyatt v. Sullivan,* 899 F.2d 329, 337 n. 10 (4th Cir.

pleading[1] she prevailed upon the hospital to admit Kara overnight for observation. Dr. Linde ordered the overnight admission, but his order called for discharge the following morning without examination or treatment by a physician.

Kara was released the next morning. She was suffering from a dislocation of her cervical spine, and because the condition was not immediately diagnosed and treated, she had to have two cervical vertebrae fused. Her mother alleges that Dr. Linde somehow injured Kara during the surgery and then negligently failed to diagnose her condition.

In April, 1992, Kara invoked a Virginia administrative procedure for medical malpractice claims[2]; a review panel ruled against her on February 12, 1993. On April 9, 1993, Kara's mother was appointed her committee by a state trial court. On April 12, 1993, Susan Vogel, as committee for Kara, filed this suit in district court. She pled a claim for violation of EMTALA against Inova Health System Hospitals d/b/a Fairfax Hospital. She appended a state claim for medical malpractice against Dr. Linde.

Fairfax Hospital moved to dismiss for failure to state a claim, and Linde moved to dismiss for lack of subject matter jurisdiction. These motions were denied. Fairfax then moved for summary judgment based on the statute of limitations. Finding that the express statute of limitations in EMTALA is not tolled by infancy or incompetency, the district court granted Fairfax's motion. The court then declined to exercise supplemental jurisdiction over the medical malpractice claim against Dr. Linde, and it dismissed the rest of the case without prejudice.

Vogel appeals. The Hospital and Linde noted cross-appeals, though they merely assert alternative bases to affirm.[3]

1990). Because the appellees seek nothing more than to preserve the judgments in their favor, their cross-appeals were not necessary. "It is well accepted ... that without filing a cross-appeal or cross-petition, an appellee may rely upon any matter appearing in the record in support of the judgment below." *Blum v. Bacon,* 457 U.S. 132, 137 n. 5, 102 S.Ct. 2355, 2359 n. 5, 72 L.Ed.2d 728 (1982).

## II.

In EMTALA, Congress attempted to prohibit the so-called "dumping" of indigent persons facing "emergency medical conditions." *Brooks v. Maryland General Hospital*, 996 F.2d 708, 710 (4th Cir.1993). Violations of EMTALA may be redressed in district courts, but there is a clear statute of limitations:

No action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought.

42 U.S.C. § 1395dd(d)(2)(C). The complaint was filed here two years and ten months after the date of the alleged violation. Under the plain language of the statute, the claim is barred.

Vogel nonetheless urges us to toll the statute of limitations from the date of the violation until she was appointed committee for Kara on account of Kara's infancy and incompetency. We cannot do so. Exceptions to the running of a limitations period because of the would-be plaintiff's disability, though common, are nonetheless *exceptions*. The blackletter rule, recognized by the Supreme Court since at least 1883,[4] is that a statute of limitations runs against all persons, even those under a disability, unless the statute expressly provides otherwise. *See* 54 C.J.S. Limitation of Actions § 105; 51 Am. Jur.2d Limitation of Actions § 186. This rule is regularly applied to federal statutes that contain a limitations period but no exception for disability. *E.g., Jastremski v. United States*, 737 F.2d 666, 669 (7th Cir. 1984) (Federal Tort Claims Act); *Williams v. United States*, 228 F.2d 129, 132 (4th Cir.

In its cross-appeal, the Hospital argues that 42 U.S.C. § 1395dd(c) does not apply to patients discharged from a hospital's general population and who do not present themselves for treatment at the hospital's emergency department. Linde's cross-appeal contends that the claim against him was not part of the same Article III "case or controversy" as the EMTALA claim or that, in any event, the district court should have declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2), because the state claim substantially predominates over the federal claim. Because we affirm the judgment for the reasons on which the district court relied, we need not address these issues.

1955) (Suits in Admiralty Act), *cert. denied*, 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499 (1956).

It is our duty to apply, rather than attempt to improve upon, the clear commands of Acts of Congress. Vogel's EMTALA action is time-barred.

The judgment is affirmed.

*AFFIRMED.*

4. In *Vance v. Vance*, 108 U.S. 514, 521, 2 S.Ct. 854, 859, 27 L.Ed. 808 (1883), the Court observed:

The exceptions from the operation of statutes of limitations, usually accorded to infants and married women, do not rest upon any general doctrine of the law that they cannot be subjected to their action, but in every instance upon express language in those statutes giving them time, after majority or after cessation of coverture, to assert their rights.