Iris MONROUZEAU, Plaintiff,

v.

ASOCIACION DEL MAESTRO and/or Hospital Del Maestro, et al., Defendants.

No. CIV.02–2506.

United States District Court, D. Puerto Rico.

Feb. 4, 2005.

Mariangela Tirado–Vales, Ricardo Collazo–Suarez, San Juan, PR, for Plaintiff.

Eddie Q. Morales–Rivera, Miriam Gonzalez–Olivencia, Lasa Monroig & Veve Buchanan Office Center, Guaynabo, PR, for Defendants.

### ORDER DISMISSING THE COMPLAINT AS UN-TIMELY FILED

ACOSTA, District Judge.

Defendant ASOCIACION DEL HOSPITAL DE MAESTRO ("HOSPITAL") through the PUERTO RICO GUARANTY ASSOCIATION has moved the court to enter summary judgment on its behalf arguing *inter alios* that this action was untimely filed. The court having reviewed the arguments submitted by the parties hereby finds as follows.

### SUMMARY JUDGMENT

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Sands v. Ridefilm Corp.*, 212 F.3d 657, 660–61 (1st Cir.2000); *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir.1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. *De-Novellis v. Shalala*, 124 F.3d 298, 306 (1st Cir.1997). A genuine issue exists if there is sufficient evidence supporting the claimed

factual disputes to require a trial. *Morris v. Gov't Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir.1995).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Navarro v. Pfizer Corp.,* 261 F.3d 90, 94 (1st Cir.2001); *Grant's Dairy v. Comm'r of Maine Dep't of Agric.,* 232 F.3d 8, 14 (1st Cir.2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409, 412 (1st Cir.2000); *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994); *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

## BACKGROUND

The instant action was filed on **October 7, 2002** under the provisions of the Emergency Treatment and Active labor Act (EMTALA) 42 U.S.C. § 1395dd. According to the complaint plaintiff took her mother SARA HERNANDEZ GONZALEZ to the HOSPITAL's emergency room on **July 14, 2000** with an emergency medical condition where MRS. HERNANDEZ GONZALEZ eventually died. Plaintiff alleges that her mother's demise resulted from the HOSPITAL's failure to properly screen the patient and to provide her with the necessary examination, treatment and/or stabilization as mandated by EMTALA.

A malpractice complaint was previously filed in state court by plaintiff herein on **May 30, 2002** against the HOSPITAL and two individual physicians also based on the events which transpired at the emergency room on **July 14, 2000**. This action is still pending.

Defendant contends that the EMTALA claim asserted in these proceedings is time-barred by the statute's two-year limitations. Plaintiff opposes arguing that the ongoing state action tolled the limitations period or, in the alternative, that the term was extended under "equitable tolling" principles.

## EMTALA

EMTALA was enacted in 1986 in response to an increasing practice of hospital emergency rooms of rejecting patients with emergency conditions because they had no medical insurance. "[I]t is clear that Congress manifested an intent that all patients be treated fairly when they arrive in the emergency department of a participating hospital and that all patients who need some treatment will get a first response at minimum and will not simply be turned away." *Reynolds v. MaineGeneral Health,* 218 F.3d 78, 83 (1st Cir.2000). *See also, Roubert Colon v. Hosp. Dr. Pila,* 330 F.Supp.2d 38, 42 (D.P.R.2004). It is axiomatic that EMTALA was enacted specifically to avoid "dumping" of patients lacking medical insurance and that it should not be regarded as a federal medical malpractice statute. *Reynolds,* 218 F.3d at 83. *See also, Guadalupe v. Negron Agosto,* 299 F.3d 15, 21 (1st Cir.2002) (statute does not create a medical malpractice claim).

EMTALA imposes upon hospital's emergency services the duty to initially screen patients to ascertain whether an emergency medical condition exists [1] and if

1. 42 U.S.C. § 1395dd(a).

so, to provide the necessary medical examination and treatment as well as to stabilize the patient prior to his discharge or transfer.[2] *Lopez–Soto v. Hawayek,* 175 F.3d 170, 175 (1st Cir.1999); *Correa v. Hosp. San Francisco,* 69 F.3d 1184, 1190 (1st Cir.1995). No improper motive is required to be proved by plaintiff in order to prevail. *Roberts v. Galen of Va., Inc.,* 525 U.S. 249, 119 S.Ct. 685, 142 L.Ed.2d 648 (1999).

## TIMELINESS

EMTALA contains a two-year limitations period. Specifically, the statute provides:

> No action may be brought under this [statute] more than two years after the date of the violation with respect to which the action is brought.

42 U.S.C. § 1395dd(d)(2)(C).

■ Statute of limitations in federal legislation will be strictly construed. Hence, tolling or other exceptions thereto will not be allowed unless unequivocally authorized by federal law. In *Vogel v. Linde,* 23 F.3d 78, 80 (4th Cir.1994) the court ruled that neither EMTALA's legislative history nor its plain language sanctioned the use of equitable tolling. In this vein, the *Vogel* court declined to extend the two-year term provided in EMTALA by reason of disability. Similarly, in *Bowden v. Wal–Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1241 (M.D.Ala.2000) and in *Brewer v. Miami County Hosp.,* 862 F.Supp. 305, 307–308 (D.Kan.1994), the courts rejected an equitable tolling exception for minors in EMTALA suits. Further, prior suits dismissed without prejudice will not affect the two-year term. *Burrows v. Turner Mem'l Hosp., Inc.,* 762 F.Supp. 840, 843 (W.D.Ark.1991).

■ Plaintiff argues that because federal and state courts have concurrent jurisdiction to entertain EMTALA suits and because the local suit is still ongoing defendant's untimeliness defense should be rejected. We see plaintiff's position in a different procedural scenario. Having an ongoing suit would allow for additional claims to "relate back" to the time the original pleading was filed pursuant to Rule 15(c) Fed.R.Civ.P. and thereby give plaintiff an opportunity to side-step the timeliness obstacle.[3] However, this mechanism is not available to plaintiff herein. By its own terms Rule 15 is limited to "amendments" to a prior pleading. Asserting new allegations in an original complaint filed in this forum may not trigger the relation-back effect upon a prior proceeding commenced in another court. 3 Moore's Federal Practice—Civil § 15.19[1] (3rd ed.1997).

■ "The relation back doctrine has application only in instances where an original pleading is amended... The amendment does not, however, relate back to any prior proceedings which are not part of the action in question...." *Rayo v. State of New York,* 882 F.Supp. 37, 40 (N.D.N.Y. 1995). *Accord, In re GNK Enter., Inc.,* 197 B.R. 444, 449 (Bkrtcy.S.D.N.Y.1996) (amendment sought in adversary bankruptcy proceeding affecting prior complaint filed in district court disallowed).

---

**2.** 42 U.S.C. § 1395dd(b).

**3.** In pertinent part, Rule 15(c) reads:

> **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

Thus, the fact that prior proceedings instituted by plaintiffs within the two-year period in another jurisdiction are ongoing is of no consequence to the case before us.

 Plaintiff further argues that inasmuch as EMTALA "draws on substantive state law in a manner similar to the Federal Tort claims Act [FTCA]" principles of equitable tolling should likewise apply. In support of her argument plaintiff states:

> In the case at bar, although the allegations in the civil action filed by plaintiff in the... Commonwealth of Puerto Rico are sufficient to state a cause of action under EMTALA, on May 30, 2002—when that civil action was filed—still plaintiff needed to receive vital information from the expert witness regarding the specific way in which the Defendant incurred in the EMTALA violations. The expert report was issued on September 27, 2002 and on October 7, 2002, the present action was filed in the federal court only addressing plaintiff's EMTALA claims.

Motion in Opposition (docket No. 29) p. 8.

Even if we agreed with plaintiff's reasoning, equitable tolling in FTCA cases has been limited to those particular situations where "a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit." *Gonzalez v. United States,* 284 F.3d 281, 291 (1st Cir.2002). Plaintiff has failed to establish that such is the situation before us and the record points to a different result. Plaintiff IRIS MONROZEAU accompanied decedent at all times during their stay at the Emergency Room and was privy to what transpired thereat. The only explanation proffered for the delay in asserting the additional allegations was the

receipt of an expert report which we find insufficient.

## CONCLUSION

Inasmuch as this action was instituted beyond the two-year period and none of the tolling mechanisms are available to plaintiff the same is time-barred.

Based on the foregoing, the HOSPITAL's Motion for Summary Judgment (docket No. 25)[4] is **GRANTED** and the EMTALA claims asserted in the complaint filed in this case are hereby **DISMISSED** as untimely.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

4. *See also,* Motion in Opposition (docket No. 29); Reply (docket No. 34), and Response to

Reply (docket No. 37).