**Francisco Flores SALTARES, et al., Plaintiffs,**

v.

**HOSPITAL SAN PABLO INC., et al., Defendants.**

**No. Civ. 03–1329(PG).**

United States District Court, D. Puerto Rico.

May 19, 2005.

Pedro F. Soler–Muniz, Buchanan Office Center, Guaynabo, PR, for Plaintiffs.

Gladys E. Guemarez–Santiago, San Juan, PR, Anselmo Irizarry–Irizarry, Matta & Matta, Ponce, PR, for Defendants.

## OPINION AND ORDER

JUAN M. PEREZ-GIMENEZ, District Judge.

Plaintiff Francisco Flores–Saltares and Olga E. Ruiz Flores ("plaintiffs") filed suit against Hospital San Pablo, Inc.; UHS of Puerto Rico, Inc.; the Puerto Rico Guarantee Association ("PRGA"); and PHICO Insurance Company; claiming Emergency Medical Treatment and Active Labor Act ("EMTALA") and medical malpractice violations.

At the eve of trial, PRGA reasserted its claim[1] that this Court lacked jurisdiction over plaintiffs' EMTALA claim inasmuch as their filing in state court did not toll the two year limitations period for filing before this court. Plaintiffs argue, however, that by timely filing before state court they tolled the two year period. On May 18, 2005, the Court held oral arguments on the matter.

For the following reasons, the Court finds that EMTALA's two year limitations' period cannot be tolled by timely filing a complaint in state court.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

On the morning of December 1, 1999, plaintiff Olga Ruiz felt a sharp lower abdominal pain, cramps and discomfort and noticed blood spots on her underwear. At the time, she was six months pregnant. Plaintiff Francisco Flores took her to the San Pablo Hospital that same morning. After a series of mishaps, she was transferred late at night to the Puerto Rico Medical Center University Hospital, were she was admitted early the next morning. On December 2, 1999, plaintiff's baby was delivered dead. A pathologic examination confirmed that the cause of the death was a left germinal matrix hemorrhage rupturing to the ventricular system caused by fetal asphyxia. Plaintiffs brought suit claiming that Hospital San Pablo incurred in EMTALA violations.

Plaintiffs filed a complaint before the Commonwealth of Puerto Rico Court on November 30 2000, and later voluntarily dismissed it without prejudice ("first complaint"). They re-filed before state court

---

1. Defendant PRGA had raised the issue on their Motion for Summary Judgment (Docket No. 47) which was stricken from the record as untimely. (Docket No. 54.)

2. The Court culls the relevant facts from plaintiffs' version of the facts in their pre-trial memorandum. (Docket No. 30).

on November 30, 2001 alleging both medical malpractice and EMTALA violations ("second complaint"). Up to this date, that case remains pending before state court. The instant case was filed March 27, 2003 ("third complaint").

The question presented is whether timely filing an EMTALA claim in state court tolls the two-year limitations period for filing the claim before federal court.

## DISCUSSION

### I. Standard of Review [3]

When ruling on either 12(b)(1) or 12(b)(6) motions, a court must accept all well-pled factual averments as true and draw all reasonable inferences in the plaintiffs' favor. *See Pejepscot Indus. Park v. Maine Cent. R.R.*, 215 F.3d 195, 197 (1st Cir.2000). *See also Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir. 1994). A court should not dismiss a complaint for lack of subject matter jurisdiction unless it is clear that plaintiff will be unable to prove any set of facts which would entitle him to recovery. *See LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998); *Negron–Gaztambide*, 35 F.3d at 27 (*citing Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994)). "The party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.1993). *See Puerto Rico Tel. v. Telecom. Regulatory Bd.*, 189 F.3d 1, 7 (1st Cir.1999).

### II. EMTALA

Concerned with "the increasing number of reports that hospital emergency rooms [were] refusing to accept or treat patients with emergency conditions if the patient [did] not have medical insurance," H.R.Rep. No. 241(I), 99th Cong., 1st Sess. 27 (1986), reprinted in U.S.C.C.A.N. 42, 605, Congress enacted EMTALA to "assure that any person visiting a covered hospital's emergency room is screened for an emergency medical condition and is stabilized if such a condition exists." *Guadalupe v. Hosp. Interamericano*, 299 F.3d 15, 19 (1st Cir.2002). EMTALA imposes two basic obligations on participating hospitals: (1) screening individuals who present themselves at the emergency department and (2) stabilizing victims of a detected medical emergency. *See* 42 U.S.C. § 1395dd(a); *see also López–Soto v. Hawayek*, 175 F.3d 170, 173 (1st Cir.1999). Anyone who suffers personal harm as a result of a participating hospital's violation of these duties can file a civil action for damages "under the law of the State in which the hospital is located." 42 U.S.C. § 1395dd(d)(2)(A).

#### A. EMTALA's Statute of limitations

EMTALA provides that civil actions pursuant § 1395dd(d)(2)(A), may be brought within two years of the date of the alleged violation. *See* 42 U.S.C. § 1395dd(d)(2)(C). "[W]hen Congress fails to provide a statute of limitations for claims arising under federal statutes, a court must apply the limitations period of the state-law cause of action most analogous to the federal claim." *Corcoran v. New York Power Authority*, 202 F.3d 530, 542 (2nd Cir.1999)(*quoting Sandberg v. KPMG Peat Marwick, LLP*, 111 F.3d 331, 333 (2nd Cir.1997). *See Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1037 (2nd Cir.1993)(the most analogous state limitations period applies in Rehabilitation Act

---

**3.** Defendant's originally raised their argument in a Motion for Summary Judgment under Fed.R.Civ.P 56. However, lack of jurisdiction challenges should be reviewed under Fed. R.Civ.P. 12(b)(1). The Court proceeds accordingly.

actions with accrual date based on when plaintiff knows or has reason to know of the subject injury), *cert. denied,* 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 452 (1993); *Piotrowski v. City of Houston,* 51 F.3d 512, 514 n. 5, 516 n. (5th Cir.1995) (analogous state limitations statute applies in § 1983 actions and federal law generally determines when the claim accrues).

However, if "Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." *See Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946). *See e.g. Johnson v. Ry. Express Agency, Inc.,* 489 F.2d 525, 528 (6th Cir.1973), *aff'd,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (state saving clause giving one year to refile after dismissal without prejudice held inapplicable to Title VII claim); *Garrison v. International Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (finding that because Title VII actions are governed by a federal statute of limitations, state's saving clause is inapplicable); *Gatlin v. Missouri Pac. R.R. Co.,* 631 F.2d 551 (8th Cir.1980) (state's saving clause at issue held inapplicable to action under federal Railway Labor Act, which has its own federal statute of limitations).

Congress expressly included a statute of limitations period for actions under EMTALA, *see* 42 U.S.C. § 1395dd(d)(2)(C); therefore, Courts need not borrow analogous state statute of limitations provisions. *See Reyes Santana v. Hospital Ryder Me-*morial, *Inc.,* 130 F.Supp.2d 270, 274 (D.P.R.2001)(holding that because EMTALA expressly provides a statute of limitations period, state law's one-year provision does not control in this case). *See also Power v. Arlington Hosp. Ass'n,* 42 F.3d 851, 865–66 (4th Cir.1994)(reading § 1395dd(d)(2)(A) as not expressly or impliedly incorporating state-mandated procedural requirements).

## B. Accrual of EMTALA actions

Federal law determines when a claim accrues. *See Corcoran v. New York Power Authority,* 202 F.3d 530, 544 (2nd Cir.1999). Under federal law, "an action normally accrues at the time of injury." *Id.* Notwithstanding, "where plaintiff would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted, the so-called 'diligence-discovery rule [4] of accrual applies.'" *Id.* (internal citations omitted). Many courts have held that this "diligence-discovery rule" applies to federal statutes that borrow analogous state law limitations period. *See MacMillan v. United States,* 46 F.3d 377 (5th Cir.1995) (discovery rule applicable to medical malpractice claim under the Federal Tort Claims Act); *Piotrowski v. City of Houston,* 51 F.3d 512 (5th Cir.1995) (discovery rule applicable to 42 U.S.C. § 1983 claim); *Burfield v. Brown, Moore & Flint, Inc.,* 51 F.3d 583 (5th Cir.1995) (discovery rule applicable to claim under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101); *Hill v. Georgia Power Co.,* 786 F.2d 1071 (11th

---

4. Under the diligence-discovery rule "accrual may be postponed until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its cause." *Corcoran,* 202 F.3d 530 at 544. "Discovery of the "critical facts" of injury and causation requires only knowledge of, or knowledge that could lead to, the basic facts of the injury, i.e., knowledge of the injury's existence and knowledge of its cause or of the person or entity that inflicted it." *Id.* Pursuant to said rule, "a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice." *Id.* (internal quotations omitted). *See Gonzalez–Perez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 2–3 (1st Cir.2004).

Cir.1986) (discovery rule applicable to actions under Management Relations Act, 29 U.S.C. § 185, when claimant knew or in the exercise of reasonable diligence should have known of injury); *Proudfoot v. Seafarers Int'l Union,* 779 F.2d 1558 (11th Cir.1986) (discovery rule applicable to actions under § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b)).

However, unlike these federal statutes, EMTALA expressly defines when a claim accrues, i.e.—the date of the alleged violation. *See* 42 U.S.C. § 1395dd(d)(2)(C). *See also Quinn v. BJC Health Sys.,* 364 F.Supp.2d 1046, 1049 (E.D.Mo. 2005) (holding that cause of action for EMTALA violation accrued, and two-year limitations period began to run, when plaintiffs were admitted to, and received medical tests at, hospital) (pending publication); *Kizzire v. Baptist Health Systems, Inc.,* 343 F.Supp.2d 1074, 1084–85 (N.D.Ala. 2004) (finding EMTALA claim must be brought within two years after the date of the alleged violation); *Owens v. Presbyterian Hosp. in City of New York,* No. 94 Civ. 6004, 1995 WL 464950, at *2 (S.D.N.Y. Aug.4, 1995) (unpublished opinion) (EMTALA actions accrue the date of the violation, or when plaintiff visited the emergency room and received the alleged inadequate care). It follows then that the diligence-discovery rule does not apply to EMTALA claims. *Dickey v. Baptist Memorial Hosp.-North Miss.,* No. 3:95CV161-B-A., 1996 WL 408879, at *1–2 (N.D.Miss. Jun.27, 1996) (unpublished opinion) (expressly holding discovery rule does not apply to EMTALA inasmuch as it does not create a federal cause of action for tort or medical negligence, thus, discovery rule for purposes of a claim for misdiagnosis of a medical condition is inapplicable).

In sum, EMTALA claims accrue not when the aggrieved party gained knowledge of the injury but when the actual violation took place. In other words, the clock starts running the day after the patients went to the hospital and suffered the alleged violation, not when he or she learns of the injury as a result of the mistreatment. *See Kizzire,* 343 F.Supp.2d at 1084–85 (holding that EMTALA violations had to occur at the time of treatment because they center around treatment, or the lack thereof at the time the patient appears at the hospital).

Here, plaintiffs' EMTALA claim accrued on December 2, 1999. Thus, plaintiffs had until December 1, 2001 to file their EMTALA claim. They timely filed the first and second complaints before state court on November 30, 2000 and November 30, 2001, respectively. However, they filed suit before this Court on March 27, 2003, three years and three months after their claim accrued. No doubt, the third complaint is time-barred. The Court lacks jurisdiction over plaintiffs' EMTALA claim unless, as plaintiffs' argue, the second complaint effectively tolled the two year limitations period.

### C. TOLLING

"In federal question cause of action, issue of whether the statute of limitations is tolled by events occurring after it has accrued is a federal question". *Gatlin,* 631 F.2d at 554. "Federal statutes of limitations should be strictly construed absent any express tolling exception or any other exception." *Dickey,* 1996 WL 408879, at *1–2. Therefore, "tolling or other exceptions thereto will not be allowed unless unequivocally authorized by federal law." *Monrouzeau v. Asociacion del Maestro,* 354 F.Supp.2d 115, 118 (D.P.R.2005). *See Vogel v. Linde,* 23 F.3d 78, 80 (4th Cir. 1994) ("The black-letter rule ... is that a statute of limitations runs against all per-

sons unless the statute expressly provides otherwise") (internal quotations omitted).

EMTALA does not contain a tolling provision or otherwise provide for any exception to the two-year statute of limitations. *Estate of Enck by Enck v. Beggs,* No. 94-1568-PFK, 1995 WL 519148, at \*1 (D.Kan. Aug.30, 1995) (unpublished opinions). Several courts who have faced the issue have declined to apply tolling exceptions to EMTALA's limitations period. *Vogel,* 23 F.3d at 80 (declining from engrafting tolling exception on EMTALA's two-year limitations period for disability); *Monrouzeau,* 354 F.Supp.2d at 119 (refusing to apply equitable tolling exception to EMTALA's two-year limitations period); *Brewer v. Miami County Hosp.,* 862 F.Supp. 305, 307–308 (D.Kan.1994) (rejecting equitable tolling exception to EMTALA's limitations period for infancy).

Here, plaintiffs basically suggest that we apply Puerto Rico tort law tolling principles to EMTALA's two-year limitations period. *See* 31 P.R. Laws Ann. § 5303 (one-year period for filing tort claims may be tolled by filing a complaint before the courts); *see also Gonzalez–Perez,* 355 F.3d at 2–3. However, Congress expressly included a statute of limitations for EMTALA claims, thus barring courts from borrowing state law statute of limitations provisions. *See Reyes–Santana,* 130 F.Supp.2d at 274. The requirements to file suit under state tort law are simply incompatible with EMTALA's goals and are therefore, preempted. Applying Puerto Rico law tolling provisions would circumvent EMTALA's congressional intent. *See id.*

In addition, EMTALA's preempts any State or local law requirement if such requirement directly conflicts with the statute's own requirements. *See* 42 U.S.C. § 1395dd(f). "Congressional intent provides the sole guide for determining whether federal law preempts a state statute." *California Fed. Sav. & Loan Ass'n v. Guerra,* 479 U.S. 272, 280, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987). Express statutory provisions provide a "reliable indication of Congress' intent" to preempt state authority. *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 517, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).

"If the EMTALA's limitation provision preempts [state'] saving statute, it is not because Congress has completely displaced state regulation. Instead, preemption may occur due to a conflict between federal and state law, as stated in 42 U.S.C. § 1395dd(f) ... Such a conflict occurs either because "compliance with both federal and state regulations is a physical impossibility," *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963), or because the state law stands "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

*Guerra,* 479 U.S. at 281, 107 S.Ct. 683.

Here, the conflicts between the EMTALA and Puerto Rico tort law statutes of limitations are evident. Under Puerto Rico law, actions for damages for negligence must be commenced within one year of accrual. *See* 31 P.R. Laws Ann. § 5298(2). EMTALA provides a two-year limitations period. *See* 42 U.S.C. § 1395dd(d)(2)(C). Puerto Rico tort law applies the "diligence-discovery rule", *see Gonzalez–Perez,* 355 F.3d at 2–3; *Villarini–Garcia v. Hospital Del Maestro, Inc.,* 8 F.3d 81, 84 (1st Cir.1993); EMTALA does not. *See Dickey,* 1996 WL 408879, at \*1–2. Moreover, Puerto Rico tort law expressly includes tolling exceptions, *see* 31 P.R. Laws Ann. § 5303; EMTALA has none. *See Beggs,* 1995 WL 519148, at \*1.

Furthermore, Puerto Rico tort law tolling principles serve totally different purposes mainly because they seek to protect rights not in question in EMTALA claims.

Ultimately, EMTALA is not a medical malpractice statute. It rather provides patients the opportunity to seek redress for hospital emergency rooms' failure to screen and stabilize. Tort law is premised on seeking redress for the actual injury that occurs as a result of mistreatment or the lack thereof. EMTALA claimants do not have to wait until they know what damages they have suffered to file suit, thus there is no need for tolling of the two year period. The day the patient goes to a hospital he or she will know whether the latter failed its duty under EMTALA.

█ State law statute of limitations, accrual principles, and tolling provisions should not be applied when, as here, they run counter to EMTALA's statutory goal of protecting patients rights to emergency medical care. *See Kizzire,* 343 F.Supp.2d at 1084–85. Congressional intent is clear, patients have two years to file suit regardless of any other legal action that may be brought. There is no need for tolling exceptions to apply.

We therefore find that Puerto Rico tort law tolling statute does not apply to claims under EMTALA, a federal cause of action; and even if it could be read to incorporate state procedural law, such incorporation is barred under EMTALA's preemption clause. *See Monrouzeau,* 354 F.Supp.2d at 119 (finding that the fact that prior proceedings instituted by plaintiffs within the two-year period in another jurisdiction are ongoing is of no consequence to determine timeliness of EMTALA claim filed in federal court); *Power,* 42 F.3d at 865–66 (holding that pursuant to § 1395dd(f) state law notice and prior review requirement were in direct conflict with EMTALA and thus preempted). *Accord Parrish v.*

*Brooks,* 856 S.W.2d 522, 526 (Tex.App. 1993) (holding that although state claims were timely filing because of the grace period allowed by the state statute, federal two-year limitations period in Section 1395dd(d)(2)(C) was absolute and preempted state provision extending the time for filing).

█ In sum, plaintiffs must file their EMTALA claim, be it in state or federal court, within the two year period. *See Power,* 42 F.3d at 865 ("EMTALA establishes a separate federal cause of action, cognizable in federal and state courts, independent of any additional or pendant state claims"). State tolling provisions apply only to the state law cause of action and not to the EMTALA claim. *See Burrows v. Turner Memorial Hosp., Inc.,* 762 F.Supp. 840, 843 (W.D.Ark.1991) (court rejected argument that state savings cause applied holding that claims to which the savings statute applied were only those to which the state law determined it applied to, thus medical malpractice claim had been tolled but, the statute of limitations on the federal claim, established by federal law, was not). The current weight of authority, supports this conclusion. *See Power,* 42 F.3d at 865–866 (holding that even if compliance with state procedural prerequisites tolls state law statute of limitations, it does not toll EMTALA's two-year statute of limitations); *Burrows,* 762 F.Supp. at 843 (holding that statute of limitations on the medical malpractice claim may be tolled, but EMTALA's limitations period would not, even if the federal claim had been included in an earlier complaint); *see also Gatlin,* 631 F.2d at 554 (plaintiffs cannot apply a state saving statute to a federal cause of action); *Engberg v. Atchison, Topeka and Santa Fe Ry. Co.,* 820 F.Supp. 558 (D.Kan.1993) (state saving statute does not toll the statute of limitations in a federal question

suit); 4 Wright & Miller, Federal Practice and Procedure § 1056 (2d ed.1987) (if the relevant federal statute provides a specific limitations provision, state grace provisions will not apply).

Here, plaintiffs' second complaint before state court did not toll the limitations period for filing their claim in federal court.[5] Accordingly, this Court lacks jurisdiction to entertain plaintiffs' EMTALA claim.

### CONCLUSION

For the foregoing reasons, plaintiffs' EMTALA claim is DISMISSED WITHOUT PREJUDICE. Having dismissed the federal claim, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims, which are DISMISSED WITHOUT PREJUDICE as well. *See Camelio v. American Federation,* 137 F.3d 666, 672 (1st Cir.1998); *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995).

IT IS SO ORDERED.

---

**5.** Even if plaintiffs' had voluntarily dismissed their state claim and refiled it in federal court, it had to be filed within the two-year period as voluntarily dismissing without prejudice the prior complaint, "leaves the situation ... the same as [if] the suit had never been brought and a party cannot deduct from the limitations period the time during which the action so dismissed is pending". *Gatlin,* 631 F.2d at 554. *See Burrows,* 762 F.Supp. at 843 (holding that even if the federal claim had been included in the earlier complaint, it would not have been tolled as the dismissal without prejudice did not toll EMTALA's two-year limitations period).